FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JAN 22 P 3 33
CLERK
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BILLY N. HAMMOCK,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-008 |
| | ) | |
| JACKIE WILLIAMS; JOYCE GRIENER; ANN M. VICKERY; PETER D. JOHNSON; WALTER E. JOHNSON; GENE JOHNSON; FNU REAVES; HAK SYMS; FNU LEONARD, Clerk; VICTOR WALKER; TARA BURTON; PETER CICCIO; ROBERT SIMPKINS; TYRONE YOUNG; and FNU GARGANEOUS, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Hays State Prison in Trion, Georgia, brought the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) Plaintiff

---

[1] The Court also notes that the names of several other inmates appear in the list of plaintiffs in the caption of the complaint. (See doc. no. 1, p. 1.) Only Plaintiff Billy N. Hammock signed the complaint (see id. at 7), however, and none of these other inmates have paid a filing fee or filed a motion to proceed *in forma pauperis*. Moreover, Eleventh Circuit law prohibits multiple prisoner plaintiffs from proceeding *in forma pauperis* in the same civil action. See Hubbard v. Haley, 262 F.3d 1194, 1196-98 (11th Cir. 2001). Therefore, the other inmates listed in the caption will not be included as plaintiffs in this lawsuit, which, in any event, the Court is recommending be dismissed; any such inmate desiring to bring suit against Defendants must initiate a separate action by submitting a signed complaint and either paying the applicable filing fee or filing a motion to proceed *in forma pauperis*. See id.; Loc. R. 4.1. To the extent Plaintiff is attempting to bring this case as a class action, the Court notes he simply may not do so, as incarcerated *pro se* litigants may not bring a class action on behalf of other prisoners. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that a *pro se* litigant "cannot adequately represent [a] putative class").

seeks to proceed *in forma pauperis* ("IFP") in the action. (Doc. no. 2.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

cases or appeals that were dismissed for failure to state a claim under § 1915(g): (1) Hammock v. Nash, CV 311-242 (W.D.N.C. Aug. 23, 2011) (dismissing case for failure to state a claim); Hammock v. Neller, CV 109-161 (S.D. Ga. Feb. 17, 2011) (dismissing case for failure to state a claim); and (3) Hammock v. Downie, CV 110-135 (S.D. Ga. Feb. 16, 2010) (dismissing case for failure to state a claim).[3] As Plaintiff filed a complaint that was dismissed for failure to state a claim in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Moreover, "general and conclusory allegations are not sufficient to establish the imminent threat of serious physical harm." Skillern v. Jackson, CV 606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citations omitted).

Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. Plaintiff's largely incoherent

---

[3] In fact, the complaints in a number of Plaintiff's recent and repeated attempts to initiate lawsuits have been dismissed because of his accumulation of three strikes under § 1915(g). See, e.g., Hammock v. Jolly, CV 112-027, doc. no. 4 (S.D. Ga. Mar. 21, 2012); Hammock v. Thrower, CV 512-033, doc. no. 8 (M.D. Ga. Feb. 1, 2012).

3

complaint, which overlaps substantively with his filings in previous cases to a certain extent,[4] appears to primarily concern his vague allegations of an ongoing conspiracy related to the death of his daughter in 2005, none of which is indicative of any sort of imminent danger. (See generally doc. no. 1, pp. 5-7.) Additionally, though Plaintiff alleges at one point that he is "still to be operated on for injury," and elsewhere that someone named "Michael Mims Morris" was sent to kill him on January 23, 2012 (see id. at 5, 6), these allegations are simply too vague and conclusory to establish that Plaintiff was in imminent danger of serious physical injury at any time, let alone when he filed his complaint. See Skillern, 2006 WL 1687752, at *2.

Plaintiff's allegations are therefore plainly insufficient to show any imminent danger of serious physical injury at the time he filed the instant complaint. See Medberry, 185 F.3d at 1193. As a result, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

---

[4]In this Court alone, Plaintiff has filed and continues to file a litany of superfluous motions and notices in closed cases that are emblematic of his pattern of simply updating the Court as to various irrelevant happenings inside and outside of prison. See, e.g., Hammock v. Hulsey, CV 111-045, doc. nos. 93, 94, 95, 96, 100 (S.D. Ga. Aug. 16, 2012); Hammock v. Downie, CV 110-135, doc. nos. 18, 19 (S.D. Ga. Feb. 16, 2011). In his complaint here, Plaintiff again restates a number of the events and allegations that he has repeatedly described at length in his submissions in those other cases.

Moreover, many of the allegations in the instant complaint were also made in the complaints, and many of the same parties were named as Defendants, in two other lawsuits filed by Plaintiff in this District within the preceding month. See Hammock v. Bishop, CV 112-189, doc. no. 1 (S.D. Ga. Dec. 14, 2012) (hereinafter "CV 112-189"); Hammock v. Bishop, CV 113-004, doc. no. 1 (S.D. Ga. Jan. 7, 2013) (hereinafter "CV 113-004"). Notably, the Court recommended dismissing the complaint in CV 112-189 pursuant to the three strikes provision and as a sanction for abuse of the judicial process, and the Honorable J. Randal Hall, United States District Judge, adopted the Court's recommendation as the opinion of the District Court. See id., doc. nos. 4, 6. The Court has also recommended dismissal of the complaint in CV 113-004 on the same bases as in CV 112-189.

### C. Dishonesty in Complaint

Moreover, the form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[5] (Doc. no. 1, pp. 1-2, 4.) Under penalty of perjury, Plaintiff indicated that he has previously filed only three cases: Hammock v. Walker, CV 501-389 (M.D. Ga. June 14, 2005); Hammock v. Strength, CV 109-136 (S.D. Ga. Jan. 13, 2011); and Hammock v. Hulsey, CV 111-045 (S.D. Ga. Aug. 15, 2012). (Id.)

However, as noted above, Plaintiff has brought at least three cases which have been dismissed for failure to state a claim. Notably, the cases cited supra Part II.A are not an exhaustive list, as Plaintiff has previously brought numerous other suits in federal court. As Plaintiff should be well aware, he has a filing history that includes multiple cases that have been dismissed for failure to state a claim. Plaintiff's blatant dishonesty provides another basis for dismissal of this case.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's

---

[5] Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2.)

5

filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted); see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).[6]

---

[6]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[7]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 22nd day of January, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7] The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).

7